**FILED**

FEB 2 7 2013

**CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. *2:13cr40-MEF* |
| | ) | |
| v. | ) | [18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1343 |
| BRYANT ALLEN THOMPSON and | ) | 18 U.S.C. § 641 |
| QUINCY SINTELL WALTON, | ) | 18 U.S.C. §§ 1028A(a)(1), (c)(1), & (c)(5)] |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges that:

## INTRODUCTION

At times relevant to this Indictment:

1.    Defendant BRYANT ALLEN THOMPSON resided in Montgomery, Alabama,
within the Middle District of Alabama.  Defendant BRYANT ALLEN THOMPSON was
employed as a corrections officer with the Alabama Department of Corrections.

2.    Defendant QUINCY SINTELL WALTON resided in Montgomery, Alabama,
within the Middle District of Alabama.  Defendant QUINCY SINTELL WALTON was formerly
employed as a corrections officer with the Alabama Department of Corrections.

3.    A "means of identification" was any name or number that could be used, alone or
in conjunction with any other information, to identify a specific individual, including a name,
Social Security number, and date of birth.

4.    The Internal Revenue Service ("IRS") was an agency of the United States
Department of the Treasury responsible for enforcing and administering the tax laws of the
United States and collecting taxes owed to the United States.

## COUNT ONE
(Conspiracy to Defraud the United States)

1.      The factual allegations contained in Paragraphs 1, 2, 3, and 4 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      From in or about January 2012 through in or about March 2012, the exact dates being unknown to the Grand Jury, within the Middle District of Alabama and elsewhere, defendants BRYANT ALLEN THOMPSON, QUINCY SINTELL WALTON and others, known and unknown to the Grand Jury, unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes.

### MANNER AND MEANS

3.      To accomplish the objects of this scheme, defendants BRYANT ALLEN THOMPSON and QUINCY SINTELL WALTON used the following manners and means, among others:

4.      Defendant BRYANT ALLEN THOMPSON would and did unlawfully obtain the means of identification of inmates in the custody of the State of Alabama, including their names and Social Security numbers, for purposes of filing false tax returns.

5.      Defendants BRYANT ALLEN THOMPSON and QUINCY SINTELL WALTON would and did use the unlawfully obtained means of identification to cause to be electronically filed federal income tax returns fraudulently claiming tax refunds from the IRS.

6.      Defendants BRYANT ALLEN THOMPSON and QUINCY SINTELL WALTON

would and did cause the IRS to generate tax refunds in the form of U.S. Treasury checks.

7.      Defendant QUINCY SINTELL WALTON would and did cash U.S. Treasury tax refund checks issued in the names of other people.

## OVERT ACTS

8.      In furtherance of the conspiracy, and to effect the objects thereof, defendants BRYANT ALLEN THOMPSON and QUINCY SINTELL WALTON, and others known and unknown to the Grand Jury, committed the overt acts below, among others, within the Middle District of Alabama and elsewhere:

9.      Between January 2012 and March 2012, defendant BRYANT ALLEN THOMPSON unlawfully obtained the means of identification of inmates from his employer, the Alabama Department of Corrections.

10.     On or about January 25, 2012, defendant QUINCY SINTELL WALTON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of "S.K."

11.     On or about February 1, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040EZ, in the name of "J.F."

12.     On or about February 8, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of "C.V."

13.     On or about February 9, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040EZ, in

the name of "B.R."

14.    On or about February 27, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040EZ, in the name of "B.W."

15.    On or about February 27, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040EZ, in the name of "A.A."

16.    On or about March 28, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040A, in the name of "G.K."

17.    On or about March 29, 2012, defendant BRYANT ALLEN THOMPSON caused to be filed with the IRS a false 2011 U.S. Individual Income Tax Return, IRS Form 1040EZ, in the name of "M.H."

18.    On or about February 27, 2012, defendant QUINCY SINTELL WALTON cashed a U.S. Treasury check in the name of "S.K."

19.    On or about March 5, 2012, defendant QUINCY SINTELL WALTON cashed a U.S. Treasury check in the name of "B.R."

20.    On or about April 4, 2012, defendant QUINCY SINTELL WALTON cashed a U.S. Treasury check in the name of "A.A."

21.    On or about April 9, 2012, defendant QUINCY SINTELL WALTON cashed a U.S. Treasury check in the name of "B.W."

All in violation of Title 18, United States Code, Section 371.

-4-

## COUNTS TWO THROUGH EIGHT
### (Wire Fraud)

1.      The factual allegations contained in Paragraphs 1, 3, and 4 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      From in or about January 2012 through in or about March 2012, the exact dates being unknown to the Grand Jury, within the Middle District of Alabama and elsewhere, defendant BRYANT ALLEN THOMPSON, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communication, signals, and writings, to wit: electronically filed tax returns.

### THE SCHEME AND ARTIFICE

3.      It was part of the scheme and artifice that defendant BRYANT ALLEN THOMPSON and others, both known and unknown to the Grand Jury, unlawfully obtained the means of identification of inmates in the custody of the State of Alabama, including their names and Social Security numbers, for the purpose of filing false tax returns.

4.      Defendant BRYANT ALLEN THOMPSON would and did cause false federal income tax returns claiming fraudulent tax refunds in the names of individuals whose identities he unlawfully obtained to be electronically filed with the IRS.

5.      Defendant QUINCY SINTELL WALTON would and did cash U.S. Treasury checks issued to actual persons containing fraudulent tax refunds.

### THE WIRE COMMUNICATIONS

6.      On or about the date listed below for each count, within the Middle District of

Alabama, defendant BRYANT ALLEN THOMPSON, for the purpose of executing and attempting to execute the scheme and artifice to defraud, transmitted, and caused to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

| COUNT | DATE OF OFFENSE | WIRE COMMUNICATION |
|-------|-----------------|---------------------|
| TWO | February 1, 2012 | Electronic Filing of Tax Return Using Means of Identification of "J.F." |
| THREE | February 8, 2012 | Electronic Filing of Tax Return Using Means of Identification of "C.V." |
| FOUR | February 25, 2012 | Electronic Filing of Tax Return Using Means of Identification of "B.R." |
| FIVE | February 27, 2012 | Electronic Filing of Tax Return Using Means of Identification of "B.W." |
| SIX | February 27, 2012 | Electronic Filing of Tax Return Using Means of Identification of "A.A." |
| SEVEN | March 28, 2012 | Electronic Filing of Tax Return Using Means of Identification of "G.K." |
| EIGHT | March 29, 2012 | Electronic Filing of Tax Return Using Means of Identification of "M.H." |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS NINE THROUGH FIFTEEN
(Aggravated Identity Theft)

1.     The factual allegations contained in Paragraphs 1, 3, and 4 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.     On or about the date listed below for each count, within the Middle District of Alabama and elsewhere, defendant BRYANT ALLEN THOMPSON did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, during

and in relation to the wire fraud offense identified as the "Corresponding Offense" below, that is, he knowingly transferred, possessed, and used the name and Social Security number of an actual person whose initials are listed below during and in relation to a scheme to claim fraudulent tax refunds through electronically-filed federal tax returns:

| COUNT | DATE OF OFFENSE | CORRESPONDING OFFENSE | MEANS OF IDENTIFICATION |
|---|---|---|---|
| NINE | February 1, 2012 | TWO | "J.F." |
| TEN | February 8, 2012 | THREE | "C.V." |
| ELEVEN | February 25, 2012 | FOUR | "B.R." |
| TWELVE | February 27, 2012 | FIVE | "B.W." |
| THIRTEEN | February 27, 2012 | SIX | "A.A." |
| FOURTEEN | March 28, 2012 | SEVEN | "G.K." |
| FIFTEEN | March 29, 2012 | EIGHT | "M.H." |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

### COUNTS SIXTEEN THROUGH EIGHTEEN
(Wire Fraud)

1. The factual allegations contained in Paragraphs 1, 3, and 4 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. From in or about January 2012 through in or about March 2012, the exact dates being unknown to the Grand Jury, within the Middle District of Alabama and elsewhere, defendant BRYANT ALLEN THOMPSON, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communication, signals, and writings, to wit:

-7-

electronically filed tax returns.

## THE SCHEME AND ARTIFICE

3.     It was part of the scheme and artifice that defendant BRYANT ALLEN THOMPSON unlawfully obtained the means of identification of inmates in the custody of the State of Alabama, including their names and Social Security numbers.

4.     It was further part of the scheme and artifice that defendant BRYANT ALLEN THOMPSON provided names and Social Security numbers to Corey Thompson.

5.     It was further part of the scheme and artifice that Corey Thompson electronically filed false tax returns with the IRS using the names and Social Security numbers provided by defendant BRYANT ALLEN THOMPSON.

## THE WIRE COMMUNICATIONS

6.     On or about the date listed below for each count, within the Middle District of Alabama, defendant BRYANT ALLEN THOMPSON, for the purpose of executing and attempting to execute the scheme and artifice to defraud, transmitted, and caused to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

| COUNT | DATE OF OFFENSE | WIRE COMMUNICATION |
|---|---|---|
| **SIXTEEN** | January 19, 2012 | Electronic Filing of Tax Return Using Means of Identification of "J.S." |
| **SEVENTEEN** | January 15, 2012 | Electronic Filing of Tax Return Using Means of Identification of "J.G." |
| **EIGHTEEN** | January 16, 2012 | Electronic Filing of Tax Return Using Means of Identification of "D.C." |

All in violation of Title 18, United States Code, Section 1343.

-8-

## COUNTS NINETEEN THROUGH TWENTY-ONE
### (Aggravated Identity Theft)

1.    The factual allegations contained in Paragraphs 1, 3, and 4 of the Introduction

Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.    On or about the date listed for each count below, within the Middle District of

Alabama, defendant BRYANT ALLEN THOMPSON did knowingly transfer, possess, and use,

without lawful authority, the means of identification of another person, during and in relation to

the wire fraud offense identified as the "Corresponding Offense" below, that is, he knowingly

transferred, possessed, and used the name and Social Security number of the actual person whose

initials are listed below during and in relation to a scheme to claim fraudulent tax refunds

through electronically-filed federal tax returns:

| COUNT | DATE OF OFFENSE | CORRESPONDING OFFENSE | MEANS OF IDENTIFICATION |
|-------|-----------------|-----------------------|-------------------------|
| **NINETEEN** | January 19, 2012 | Sixteen | "J.S." |
| **TWENTY** | January 15, 2012 | Seventeen | "J.G." |
| **TWENTY-ONE** | January 16, 2012 | Eighteen | "D.C." |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

## COUNTS TWENTY-TWO THROUGH TWENTY-FIVE
### (Theft of Government Money, Property, or Records)

1.    The factual allegations contained in Paragraphs 2, 3, and 4 of the Introduction

Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.    On or about the date listed below for each count, within the Middle District of

Alabama, defendant QUINCY SINTELL WALTON did steal, purloin, and knowingly convert to his own use and the use of another, money of the United States, namely, the approximate amount listed for each count below in funds administered by the Department of the Treasury in the form of a federal tax refund, which funds defendant was not entitled to receive:

| COUNT | DATE OF OFFENSE | APPROXIMATE AMOUNT |
|-------|-----------------|--------------------|
| TWENTY-TWO | February 27, 2012 | $2,159 |
| TWENTY-THREE | March 5, 2012 | $2,320 |
| TWENTY-FOUR | April 4, 2012 | $2,571 |
| TWENTY-FIVE | April 9, 2012 | $2,586 |

All in violation of Title 18, United States Code, Section 641.

## COUNTS TWENTY-SIX THROUGH TWENTY-NINE
(Aggravated Identity Theft)

1.      The factual allegations contained in Paragraphs 2, 3, and 4 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2.      On or about the date listed below for each count, within the Middle District of Alabama and elsewhere, defendant QUINCY SINTELL WALTON did knowingly transfer, possess, and use, without lawful authority, the means of identification of the individual whose initials are listed below for each count, during and in relation to the theft of government money offense identified as the "Corresponding Offense" below, that is, he knowingly transferred, possessed, and used the name and Social Security number of the actual person whose initials are listed below during and in relation to the theft of fraudulent federal tax refunds:

| COUNT | DATE OF OFFENSE | CORRESPONDING OFFENSE | MEANS OF IDENTIFICATION |
|---|---|---|---|
| **TWENTY-SIX** | February 27, 2012 | Twenty-Two | "S.K." |
| **TWENTY-SEVEN** | March 5, 2012 | Twenty-Three | "B.R." |
| **TWENTY-EIGHT** | April 4, 2012 | Twenty-Four | "A.A." |
| **TWENTY-NINE** | April 9, 2012 | Twenty-Five | "B.W." |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(1).

## FORFEITURE ALLEGATION

1.      The allegations contained in Counts Two through Eight, Counts Sixteen through Eighteen, and Counts Twenty-Two through Twenty-Five of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction for the offenses alleged in Counts Two through Eight, Counts Sixteen through Eighteen, and Counts Twenty-Two through Twenty-Five of this Indictment, defendants BRYANT ALLEN THOMPSON and QUINCY SINTELL WALTON shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from the proceeds each defendant obtained directly or indirectly as a result of said offenses.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the Defendant,

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

-11-

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided
              without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c),

up to the value of the forfeitable property described above.


A TRUE BILL:


Foreperson


GEORGE L. BECK, JR.
UNITED STATES ATTORNEY


ALEXANDER EFFENDI
JUSTIN GELFAND
Trial Attorneys
United States Department of Justice
Tax Division


TODD A. BROWN
Assistant United States Attorney
Middle District of Alabama


-12-